IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DERIN K. MUELLER | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv426 |
| CHRISTOPHER NORSWORTHY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Derin K. Mueller, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Christopher Norsworthy and Assistant Warden Kevin Smith.

This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The defendants filed a motion to dismiss, and plaintiff has had the opportunity to file a response. This Report and Recommendation considers the merits of the motion to dismiss.

## Factual Allegations

Plaintiff alleges the defendants failed to ensure sanitary living facilities at the Stiles Unit. Plaintiff claims there is black mold in the living area of the prison. Plaintiff also contends the defendants failed to issue cleaning supplies to inmates and to ensure that drains are not clogged.

## The Motion to Dismiss

The defendants moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendants contend that the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment. The defendants also claim they are entitled to qualified immunity and that plaintiff has failed to state a claim upon which relief may be granted.

Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 654 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, while acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the law shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under Section 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right.

Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640. In this case, plaintiff alleged that the conditions of his confinement at the Stiles Unit subjected him to cruel and unusual punishment, in violation of the Eighth Amendment.

*Qualified Immunity*

The defendants contend they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7. 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (quoting *Anderson v. Creighton*, 483 U.S. at 635, 640 (1987)).

The district court has discretion to determine which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, the first prong to be considered is whether the plaintiff has alleged facts establishing a violation of the Eighth Amendment.

*Conditions of Confinement*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires that the conditions of confinement are humane and that inmates receive adequate food, shelter, clothing and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

With respect to claims concerning prison conditions, the court must consider whether society considers the risk of harm to be so grave that it violates contemporary standards of decency to expose anyone willingly to such a risk. *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). The deprivation must be so serious as to "deprive prisoners of the minimal civilized measures of life's necessities," such as when if denies the prisoner some basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gates*, 376 F.3d at 664. In addition to demonstrating that the alleged deprivation is sufficiently serious, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment unless the official knows of, and consciously disregards, a substantial risk to an inmate's health or safety. *Farmer*, 511 U.S. at 840-41.

Plaintiff has not alleged that the defendants were aware of the mold and unsanitary conditions at the Stiles Unit or that the conditions posed a substantial risk to his health or safety. As he does not allege that the defendants were personally aware of the conditions about which he complains, he has failed to state a claim upon which relief may be granted.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the state has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City School Board*, 326 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under

42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendants are sued in their official capacities, they are immune from liability with respect to plaintiff's claim for damages.

## Recommendation

The motion to dismiss (doc. 13) filed by the defendants should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 7th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge